UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT LEE WILLIAMS,

                Petitioner,

vs.                     Case No.  2:07-cv-547-FtM-29SPC
                           Case No.  2:06-cr-95-FtM-29SPC

UNITED STATES OF AMERICA,

                Respondent.

_____

**OPINION AND ORDER**

_____This matter comes before the Court on petitioner Robert Lee Williams' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #38)[1] and Supporting Memorandum (Cv. Doc. #2; Cr. Doc. #39), both filed on August 31, 2007.  The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #7) on November 2, 2007.  Petitioner thereafter filed a Reply (Cv. Doc. #10) on December 26, 2007.  For the reasons set forth below, the motion is denied.

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case  as "Cr. Doc."

**I.**

On August 2, 2006, a federal grand jury in Fort Myers, Florida returned a two-count Indictment (Cr. Doc. #1) charging petitioner Robert Lee Williams  (petitioner or Williams) with one count of Conspiracy to Possess with Intent to Distribute Five or More Grams of Cocaine Base, Crack Cocaine (Count One) and one count of Possession with Intent to Distribute and Distribution of Five or More Grams of Cocaine Base, Crack Cocaine (Count Two).  In due course, Petitioner signed a written Plea Agreement (Cr. Doc. #28) in which he agreed to plead guilty to Count One of the Indictment and Count Two would be dismissed.[2]  On December 7, 2006, petitioner entered his guilty plea to Count One before a magistrate judge (Cr. Doc. #32), who filed a Report and Recommendation (Cr. Doc. #33) recommending that the guilty plea be accepted.  The district court accepted the guilty plea on December 11, 2006 (Cr. Doc. #34).  On March 12, 2007, petitioner was sentenced to 188 months imprisonment followed by 60 months of supervised release.  (Cr. Doc. #35.) Judgment was filed on March 15, 2007 (Cr. Doc. #36).  No direct appeal was filed.  Petitioner filed this timely § 2255 motion on August 31, 2007.

Read  liberally  because  of  petitioner's  *pro se*  status, petitioner's § 2255 Petition sets forth the following claim: The

_____

[2]Petitioner's Memorandum asserts he agreed to plead guilty to Count Two and Count One would be dismissed.  (Cv. Doc. #2, p. 1.) Petitioner has it backwards, as the Plea Agreement he attaches to his Memorandum demonstrates.

sentencing court miscalculated petitioner's criminal history by assessing points for some convictions which were too old to be counted and assessing more points than allowed for other convictions.   This resulted, petitioner asserts, in the miscalculation of the applicable Sentencing Guidelines range, and therefore petitioner's sentence improperly exceeds the range which should have been applicable to him and is unconstitutional. Petitioner seeks to have the sentence vacated and set aside. Petitioner specifically does not assert any ineffective assistance of counsel, but only error by the sentencing court.  (Cr. Doc. #10, p. 3.)

## II.

### A.  Waiver of Right to Challenge Sentence

The government argues that the Court should not consider petitioner's arguments because his Plea Agreement contains a valid provision waiving petitioner's right to challenge the sentence either in a direct appeal or collaterally in this § 2255 petition. The government is correct that such a waiver provision is in the Plea Agreement and that none of the exceptions set forth in that provision are applicable here.   (Cr. Doc. #28, pp. 7-8.)   To enforce such a waiver provision, the government must demonstrate either that the court specifically questioned defendant concerning the provision during the guilty plea colloquy or that it is manifestly clear from the record that petitioner otherwise

understood the full significance of the waiver.  <u>United States v.</u>
<u>Bushert</u>, 997 F.2d 1343, 1351 (11th Cir. 1993).  The government has
not filed the transcript of the guilty plea colloquy, so it cannot
establish the first requirement.  To establish the alternative
requirement the government cites to petitioner's statements in his
§ 2255 motion and memorandum.  While these statements establish
petitioner's knowledge at the time of their filing, they do not
necessarily shed light on petitioner's understanding at the time of
the guilty plea.  Accordingly, the Court rejects the government's
argument that petitioner's claim is barred by the waiver provision.

**B.  Cognizable Issue**

     The government argues that petitioner's challenge to his
sentence based upon an alleged miscalculation of the Sentencing
Guidelines range is not a cognizable claim under § 2255, but should
have been brought on direct appeal (but for the waiver provision.)

     A threshold issue is whether the claimed error is cognizable
in a § 2255 proceeding.  <u>Lynn v. United States</u>, 365 F.3d 1225, 1233
(11th Cir.), <u>cert. denied</u>, 125 S. Ct. 167 (2004).  "[R]elief under
28 U.S.C. § 2255 is reserved for transgressions of constitutional
rights and for that narrow compass of other injury that could not
have been raised on direct appeal and would, if condoned, result in
a complete miscarriage of justice."  <u>Lynn</u>, 365 F.3d 1232 (quoting
<u>Richards v. United States</u>, 837 F.2d 965, 966 (11th Cir.
1988))(internal quotation and citation omitted).  The Eleventh
Circuit has generally not allowed a petitioner to raise Sentencing

-4-

Guidelines issues in a § 2255 petition.  <u>Burke v. United States</u>, 152 F.3d 1329 (11th Cir. 1998); <u>Martin v. United States</u>, 81 F.3d 1083, 1084 (11th Cir. 1996)("Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing Guidelines, the defendant is precluded from raising Guidelines issues in collateral proceedings under § 2255." (citation omitted)).  Reading the § 2255 motion liberally, the Court construes petitioner's claim to be that his sentence is unconstitutional because it was based on the misapplication of the Sentencing Guidelines.  As a constitutional challenge to the sentence, the claim is cognizable.

**C.  Merits**

Petitioner argues that his criminal history computation was incorrect because he was assessed points under the Sentencing Guidelines for convictions which were too old or was assessed more points for a conviction than allowed by the Sentencing Guidelines. Because of this, petitioner asserts that his resulting sentence was higher than the correct Sentencing Guidelines range, and therefore unconstitutional.  The Court finds petitioner's claim is without merit.

The computation of petitioner's history, as set forth in the Presentence Report, resulted in a total criminal history score of 30 points, which in turn resulted in a Criminal History Category VI for petitioner.  While petitioner challenges the scoring of many of these convictions, his ultimate Sentencing Guidelines range was determined not by this calculation but by petitioner's Career

Offender enhancement.   Some of the challenged convictions constituted predicate offenses under the Career Offender provision.

"Prior convictions may only be considered in determining a defendant's criminal history score if the defendant was convicted or incarcerated for the offense within fifteen years of the instant offense, U.S.S.G. § 4A1.2(e)(3); the same rule governs whether a conviction can be considered as a predicate offense for the career offender enhancement.   U.S.S.G. § 4B1.2, comment (n.3)." United States v. Brown, 526 F.3d 691, 700 n.13 (11th Cir. 2008), petition for cert. filed, No. 08-5564 (July 28, 2008).   A prior conviction counts only if "imprisonment exceeding one year and one month . . . was imposed within fifteen years of the defendant's commencement of the instant offense[.]" U.S. Sentencing Guidelines Manual § 4A1.2(e)(1).   In the context of a conspiracy conviction, the court counts back from the date last alleged as part of the conspiracy unless the district court makes a specific determination concerning when the co-conspirators reached an agreement.   United States v. Cornog, 945 F.2d 1504, 1509-10 (11th Cir. 1991).   A prior conviction will also count when "any prior sentence of imprisonment exceeding one year and one month, whenever imposed, . . . resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S. Sentencing Guidelines Manual § 4A1.2(e)(1). Thus the prior convictions are counted when a defendant commits the offense outside the 15-year window preceding the instant offense but incarceration from the conviction is served during some part of

-6-

the 15-year window.  United States v. Shannon, 449 F.3d 1146 (11th Cir. 2006).   This includes situations where defendant was incarcerated because of a violation of probation, parole, or the like.  Shannon, 449 F.3d at 1148-49.

The Presentence Report (Cv. Doc. #2-2) indicated that between 1987 and 1995 petitioner had been convicted of Possession of Cocaine with Intent to Sell on four different occasions, and these convictions qualified petitioner for Career Offender status and a Total Offense Level of 34.  (Presentence Report ¶¶ 23-24.)   The first Possession of Cocaine with Intent to Sell conviction resulted from an arrest on April 3, 1987; petitioner was placed on probation, but violated the probation in 1991 and was sentenced to 30 months incarceration, from which petitioner was released on November 26, 1991.  (Presentence Report, ¶ 27.)   The Indictment (Cr. Doc. #1) charged that the Count One conspiracy was from a date unknown and continued through on or about April 10, 2005. Therefore, the incarceration from the first Possession of Cocaine with Intent to Sell conviction continued within the fifteen year time period even if the last specified date of the conspiracy (April 10, 2005) is utilized.  This conviction therefore was properly considered under both the Career Offender provision and under the general criminal history calculation.

The second Possession of Cocaine with Intent to Sell conviction resulted from an arrest on December 7, 1990; petitioner was placed on probation, but violated the probation in 1992 and was

-7-

sentenced to 30 months incarceration, from which petitioner was released on May 11, 1993. (Presentence Report, ¶ 31.) Therefore, the incarceration from the second Possession of Cocaine with Intent to Sell conviction continued within the fifteen year time period even if the last specified date of the conspiracy (April 10, 2005) is utilized. This conviction therefore was properly considered under both the Career Offender provision and under the general criminal history calculation.

The third Possession of Cocaine with Intent to Sell conviction resulted from an arrest on February 14, 1991; petitioner was placed on probation, but violated the probation in 1992 and was sentenced to 30 months incarceration, from which petitioner was released on May 11, 1993. (Presentence Report, ¶ 32.) Therefore, the incarceration from the third Possession of Cocaine with Intent to Sell conviction continued within the fifteen year time period even if the last specified date of the conspiracy (April 10, 2005) is utilized. This conviction therefore was properly considered under both the Career Offender provision and under the general criminal history calculation.

The fourth Possession of Cocaine with Intent to Sell conviction resulted from an arrest on June 24, 1995; petitioner was placed on community control, but violated the community control in 1996 and was sentenced to 31 months incarceration, from which petitioner was released on April 18, 1999. (Presentence Report, ¶ 39.) Therefore, both the conviction and the incarceration from the

fourth Possession of Cocaine with Intent to Sell conviction continued within the fifteen year time period even if the last specified date of the conspiracy (April 10, 2005) is utilized. This conviction therefore was properly considered under both the Career Offender provision and under the general criminal history calculation.

Since all four predicate offenses for the Career Offender enhancement were properly counted, petitioner was properly given a Base Offense Level of 34 and a Criminal History Category of VI. Petitioner's Sentencing Guidelines range was therefore 188 to 235 months, and his sentence of 188 months was neither outside the Sentencing Guidelines range nor unconstitutional.

While academic in light of the Career Offender enhancement, petitioner's arguments about the scoring of his other convictions are also without merit.  Petitioner's 1995 battery conviction was properly scored under § 4A1.1(c) (Presentence Report ¶ 38), not under § 4A1.1(a) as petitioner asserts.  Petitioner's trespassing and possession of marijuana convictions in 1999 were also properly scored under § 4A1.1(c) (Presentence Report ¶ 41).  Petitioner's possession of cocaine and possession of marijuana in 2003 were properly scored under § 4A1.1(b) (Presentence Report ¶ 46). Petitioner's 2004 convictions for possession of marijuana and open container of alcohol and his 2005 convictions were properly scored under § 4A1.1(c)) (Presentence Report, ¶¶ 47, 51).

Accordingly, it is now

**ORDERED:**

1.   Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DENIED** as to all claims for the reasons set forth above.

2.   The Clerk of the Court shall enter judgment accordingly and close the civil file.   The Clerk shall place of copy of the civil Judgment in the criminal file.

**DONE AND ORDERED** at Fort Myers, Florida, this   26th   day of September, 2008.


JOHN E. STEELE
United States District Judge


Copies:
AUSA Casas
Robert Lee Williams
Counsel of record

-10-